**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALLY ROSE-ECKERT,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[**]

        Defendant-Appellant.

No.   15-16148

D.C. No. 2:14-cv-00357-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 14, 2017
San Francisco, California

Before:  SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Nancy Berryhill has been substituted as the Defendant in place of Carolyn W. Colvin pursuant to FED. R. APP. P. 43(c)(2).

[***]     The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

Sally Rose-Eckert appeals the district court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ did not erroneously weigh the medical opinion evidence by rejecting the opinion of the treating physician, Dr. Merzenich, in favor of the conflicting opinions of the examining physician, Dr. Jones and the non-examining physicians. The ALJ provided several specific and legitimate reasons which were supported by substantial evidence in the record for giving little weight to Dr. Merzenich's opinion. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

The ALJ found Rose-Eckert's description of her symptoms "not credible to the extent the claimant's statements are inconsistent with the residual functional capacity assessment herein." We again discourage the use of boilerplate language, which is almost universally used by administrative law judges. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Such language is unhelpful and confusing. Standing alone, it may constitute reversible error. *Id.* In this case, however, the ALJ followed the boilerplate language with the proper two-

step credibility analysis. The ALJ provided specific, clear and convincing reasons, which were supported by substantial evidence, for his finding that Rose-Eckert's subjective complaints were less than fully credible. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If the ALJ's credibility finding is supported by substantial evidence, this court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ properly evaluated the statement submitted by the claimant's husband, Mr. Eckert. In determining that Mr. Eckert's statements about his wife's limitations were "less persuasive," the ALJ cited reasons that were germane to Mr. Eckert and which were supported by substantial evidence. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (lay witness's close relationship to claimant and desire to help claimant is a germane reason to discredit testimony)*; Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason to discredit testimony of a lay witness).

Finally, the ALJ's hypothetical to the vocational expert was sufficient. The ALJ is free to omit from the hypothetical physical or mental limitations articulated by a claimant or her physician if the ALJ has properly determined such limitations are not credible or are not supported by substantial evidence. *Bray v. Comm'r,*

*Soc. Sec. Admin.*, 554 F.3d. 1219, 1228 (9th Cir. 2009); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

**AFFIRMED.**